# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| TERRON NICOLAS TAYLOR, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:17-CV-02664-TWT-JSA |
| | : | |
| v. | : | |
| | : | |
| DANIELLE PHILYAW, | : | 42 U.S.C. § 1983 |
| Counselor, Clayton Transitional Ctr., | : | PRISONER CIVIL ACTION |
| Defendant. | : | |

## MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, a former detainee at the Clayton Transition Center ("CTC") in Forest Park, Georgia, filed a 42 U.S.C. § 1983 complaint while incarcerated at Phillips State Prison in Buford, Georgia. (Doc. 1). Plaintiff has been released from custody, and he has received leave to proceed *in forma pauperis* as a non-prisoner. (Docs. 4, 5). But Plaintiff filed this action while incarcerated, and his complaint is therefore subject to review under 28 U.S.C. § 1915A.

## I. The Legal Framework

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to

conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II. Discussion

Plaintiff alleges the following. On or about November 9, 2016, officers at the

2

CTC removed items from his locker box, including copies of photographs of the evidence used against him at his trial, which he had planned to attach to a brief to the Supreme Court of Georgia. Plaintiff grieved the loss of those items in grievance number 232282, which was officially filed on November 18. (Doc. 1 at 6-8). Defendant, who was Plaintiff's CTC Counselor, and other CTC officials accused Plaintiff of lying about the loss of the photographs because, they contended, there was proof that he had never received them from the trial court. On November 22, Defendant filed a disciplinary report ("DR") charging Plaintiff with lying about the photographs. (*Id.* at 8-9). "[P]laintiff was sentenced to thirty hours 'extra duty' and [was] charged four dollars" for the DR. (*Id.* at 10). On December 1, Defendant and others offered Plaintiff a pass to the law library, but instead he was taken to administrative segregation, given a urine test and transferred to Phillips State Prison. (*Id.* at 10-12).

Plaintiff claims that Defendant filed a DR against him in retaliation for his filing grievance 232282. (*Id.* at 13-14). He seeks (1) a letter of apology from the Commissioner of the Georgia Department of Corrections ("GDC") confirming that the DR has been removed from his record; (2) an order absolving him of guilt and "any related fees and punishment"; (3) the termination of Defendant's employment with the

3

GDC; and (4) whatever compensatory relief is available. (*Id.* at 14-15).

Plaintiff has a right to file grievances without fear of retaliation.

> It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. *See, e.g., Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. *Id.* To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

*Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *see id.* at 1276 n.15 (citing *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006), to the effect that the "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment").

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's retaliation claim against Defendant be allowed to proceed.

The Clerk is **DIRECTED** to resubmit this matter to the undersigned for further

4

proceedings should the District Judge adopt this recommendation.

**SO RECOMMENDED** this15th day of August, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)